Estate of Albert Moses, Deceased, Anne MOSES, Executrix v. Commissioner. Estate of Albert Moses, by Anne Moses, Executrix v. Commissioner.
Estate of Albert Moses v. Commissioner
Docket Nos. 28110, 36734.
United States Tax Court
1953 Tax Ct. Memo LEXIS 197; 12 T.C.M. (CCH) 718; T.C.M. (RIA) 53225; June 25, 1953
*197 Held, payments received by wife under provisions of voluntary separation agreement with husband were not made under a written instrument incident to a divorce decree later obtained by husband. Milton Solomon, Esq., 165 Broadway, New York, N. Y., for the petitioners. Harold D. Thomas, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined deficiencies in petitioners' income tax for 1944 and 1945 in the respective amounts of $2,166.86 and $3,058.70. On June 3, 1953, the parties filed a stipulation in the above cases reading as follows: 1. That Albert Moses, the decedent herein formerly resided at No. 700 Ocean Avenue, Brooklyn, New York. That said Albert Moses died on January 31, 1951. That Anne Moses, executrix, petitioner herein is the widow of the said Albert Moses, deceased, and is an executrix named under the Last Will and Testament of said decedent. 2. That said Albert Moses filed his Federal Income Tax return for each of the years 1944 and 1945, with the Collector of Internal Revenue for the Second New York District. 3. The respondent asserted deficiencies of Income Tax for the years 1944 and 1945 on *198 the ground that certain amounts deducted by said Albert Moses on his Income Tax returns as alimony [sic] payments were not deductible under the provisions of Sections 22 (k) and 23 (u) of the Internal Revenue Code. The other items disallowed have been conceded by the petitioner. 4. In the case of Florence B. Moses, (1952) 18 T.C. No. 128 (Docket No. 27160), the following findings of fact were made: "Florence B. Moses, the petitioner, resides in Brooklyn, New York, and filed her income tax return for 1944 with the Collector of Internal Revenue for the First District of New York. Petitioner and her former husband, Albert Moses, now deceased, were married in the State of New York on June 29, 1919. They lived together until October 12, 1943, when Albert Moses left the petitioner. On November 16, 1943, the petitioner instituted an action for a legal separation in the Supreme Court of New York for the County of Kings. Her husband appeared by attorney and filed an answer. Following the granting of a motion by petitioner for alimony pendente lite and counsel fees, the separation action came on for trial on March 8, 1944. "The proceedings were suspended *199 while negotiations looking toward a voluntary separation agreement were carried on. During the discussions which followed, the petitioner declared that she would not give her husband a divorce. She refused to establish residence in another state and sue her husband for a divorce there. She stated in answer to the suggestion that her husband would move to another state and there commence proceedings, that she would not give her husband a divorce under any circumstances. The parties then agreed that the matter of the divorce was out of consideration and that they would work out a voluntary agreement of separation. The trial of the separation action was then adjourned. "During the period of adjournment the petitioner was advised by her attorney that, if a decree and award of alimony were obtained by her, failure to make alimony payments could be punished by contempt proceedings, but that such alimony payments would be taxable to her. She was also advised that if she entered into a voluntary separation agreement outside court the payments for support under the agreement could not be enforced through contempt proceedings but that such payments would not be taxable to her. The petitioner *200 chose to enter into such a voluntary separation agreement. The parties executed a voluntary separation agreement on April 4, 1944, and the separation action in court was discontinued. Among the provisions of the separation agreement were the following: "'1. From the date hereof, the parties may and shall continue to live separate and apart for the rest of their natural lives, and each shall be free from interference, authority and control, direct or indirect, by the other as fully as if sole and unmarried. Neither one shall molest, disturb or harass the other. Neither one shall compel the other to live with him, or her, by any legal proceeding or otherwise. Each may, for his or her separate use or benefit, engage in any employment, business or profession which he or she may deem advisable. "'2. The Husband shall, so long as he is alive, pay to the Wife, for her support and maintenance, the sum of $346.66 per month, on the 10th day of each and every month, commencing April, 1944, until her death or remarriage. * * *
"'14. In the event that the Wife shall remarry during the lifetime of the Husband, all her interest in the policies described in both "Schedule A" and "Schedule *201 B" shall immediately cease, and she shall thereupon immediately reassign to the Husband the policies described in "Schedule A". * * *
"'21. The provision of this agreement, to the extent that they may be acceptable to the court, may be incorporated in the final judgment or decree obtained in any action hereafter brought by either party against the other for a divorce in any court of competent jurisdiction. Not-withstanding such incorporation, the provisions hereof shall not be merged in any such judgment or decree but shall, in all respects, survive the same.' "At the time the separation agreement was executed, Albert Moses was president of the Almo Trading & Importing Co., Inc., a New York Corporation doing business in New York. His income amounted to approximately $50,000 annually. "On or about September 14, 1944, Albert Moses instituted a divorce proceeding in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. Petitioner, in Brooklyn, New York, received a notification to appear in the suit. She was not personally served with process and she did not appear personally or by attorney in the Florida proceeding. On October 23, 1944, a final *202 decree of divorce, a vinculo matrimonii, was granted to Albert Moses by the Florida court. The decree did not make provision for alimony or support nor did it refer to or incorporate the separation agreement between the parties. On October 23, 1944, Albert Moses married one Anna Price and lived in Brooklyn, New York, with his second wife until his death. "Albert Moses made payments under the voluntary separation agreement of $693.32 to the petitioner during the months of November and December, 1944 following the entry of the Florida divorce decree. The respondent determined that the amount of $2,773.28 paid to petitioner by Albert Moses in 1944 was taxable to her. By reason of respondent's concession, a lesser amount is now claimed. "The agreement for voluntary separaiton was not incident to the decree of divorce or of separate maintenance, and was not incident to such a divorce or legal separation." 5. In the case of Florence B. Moses, supra, the Tax Court considered the taxability to the former wife of Albert Moses under Section 22 (k) of the Internal Revenue Code of the payments made by petitioner Albert Moses in the year 1944. The Court *203 found the facts as set forth hereinabove, concluded that the agreement of April 4, 1944 was not incident to the Florida divorce decree of October 23, 1944, and decided in favor of Florence B. Moses. 6. The within two proceedings have heretofore been consolidated and a stipulation has heretofore been made that the final decision in the related case of Florence B. Moses, Docket No. 27160, supra, will be binding, without qualification, in the disposition of each of the instant proceedings and that the Court may enter a decision in each of said proceedings consistent with the final decision in such related case. 7. It is further stipulated and agreed by and between the parties hereto by their respective counsel that these two cases be submitted to the Tax Court, pursuant to Rule 30 (a), the parties waiving the right to argument and brief; that the decision in the case of Florence B. Moses is binding in the disposition of the two instant proceedings, and that the Court may enter an order in each of the two cases in favor of the respondent, reserving, however, to the petitioners all rights to contest on appeal the validity of such decisions. Acting pursuant to the request of the last *204 above paragraph, and applying the rationale of the opinion in the related case of Florence B. Moses above referred to, we hereby affirm respondent's action and give judgment against petitioners. Decision will be entered for the respondent.